IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

WESTERN DIVISION

| | | |
|---|---|---|
| MEGADANCE USA CORP. AND FRED ASTAIRE DANCE STUDIOS, INC., | : : : | CIVIL ACTION NO. 3:09-CV-30095 (MAP) |
| Plaintiffs, | : : | |
| v. | : : | **ORDER** |
| GARDENS DANCE STUDIO, INC., a Florida Corporation, KYOUNG-IM CARVALHO, | : : : | |
| Defendants. | : : | |

**THIS MATTER** having come before the Court upon the application of Plaintiffs Megadance USA Corp. and Fred Astaire Dance Studios, Inc. (collectively "Plaintiffs") by and through their undersigned attorneys, for entry of an Order imposing sanctions against Defendants; and the Court having read and considered the documents submitted; and the Court having heard arguments of counsel; and for good cause shown,

**IT IS** on this 22ND day of April, 2010, **ORDERED** as follows:

1.   Plaintiffs' Motion for Sanctions is hereby GRANTED;

2.   IT IS FURTHER ORDERED THAT Defendants' Answer is hereby stricken;

3.   IT IS FURTHER ORDERED THAT judgment is hereby entered in favor of Plaintiffs on liability on all counts set forth in the Complaint;

935014

4. IT IS FURTHER ORDERED THAT Defendants and their officers and directors shall produce to Plaintiffs all accounting records, general ledgers and student contracts relating to the Park Avenue dance studio location within ten (10) days;

5. IT IS FURTHER ORDERED THAT plaintiffs shall submit an affidavit setting forth all of its damages within twenty (20) days of receipt of the records set forth in paragraph 4 which shall include, without limitation:

    (a) Fees due and owing under the Franchise Agreement, a disgorgement of revenues of the Park Avenue Dance studio, and past and future interest; and

    (b) All amounts claimed to be due for the infringement of Plaintiffs' Trademarks and Copyrights; and

    (c) Reasonable attorneys fees and costs of enforcement.

6. IT IS FURTHER ORDERED THAT defendants shall submit any opposition regarding the amount of the damages sought by Plaintiff within ten (10) days thereafter, and the Court will thereafter determine the amount of damages and enter Judgment therefore.

7. IT IS FURTHER ORDERED THAT a permanent injunction is hereby entered in favor of Plaintiffs and against defendants consistent with the restrictions imposed by this Court's September 19, 2009 Preliminary Injunction and as set forth below. More specifically, Defendants Kyoung-Im Carvalho and Garden Dance Studio, Inc. are hereby permanently enjoined and restrained as follows:

    (a) Defendants are restrained and enjoined from operating a website bearing the web address of www.fredastairepalmbeach.com.

(b) Defendants are restrained and enjoined him from using all names or equivalent names associated with Plaintiffs' franchises.

(c) Defendants are restrained and enjoined from using and shall immediately transfer to Plaintiffs or their designee all telephone numbers associated with the former franchise in Lake Park, Florida, including the number listed on Defendants' website as 561–863-5163.

(d) Defendants shall immediately and permanently remove from their website all references to the telephone numbers associated with the former franchise in Lake Park, Florida, including the number listed on Defendants' website as 561–863-5163, and will cease listing such number on any printed advertising.

(e) Defendants are prohibited and enjoined from using any of the trademarks owned and/or licensed by Plaintiffs, or any marks confusingly similar to them.

(f) Defendants shall deliver immediately to Plaintiffs or their designee all brochures, manuals, software, marketing and promotional materials, and signage of any kind bearing any of Plaintiffs' trademarks.

(g) Defendants immediately shall cease using trademarks, trade names, service marks, signs, and other forms of advertising, and indicia as franchisees of Plaintiffs, including all logos, materials,

       signs, websites, proprietary instruction materials, and other articles displaying Plaintiffs' marks.

(h) Defendants immediately shall cease instructing any student using Plaintiffs' proprietary instruction materials and will return immediately all such materials to Plaintiffs or their designee.

(i) For a period of two years from the date of this Order, Defendants will comply with the Franchise Agreement by not owning, engaging in, operating, managing, purchasing, investing, francbising, lending money to, or leasing or sub-leasing to, or agreeing to sell or selling all or a majority of the assets of the franchise to any competing dance instruction business within a area of twenty-five miles outside the boundaries of the designated territory for the Lake Park Franchise that was located at 905 U.S. Highway 1, Unit #1, Lake Park, Florida 33403. If defendants violate this injunction, then the length of the injunction set forth in this paragraph shall be extended by a period equal to the length of time that defendants violate the injunction.

(j) For a period of two years from the date of this Order, Defendants will permanently cease operating the former Fred Astaire franchise dance studio in Lake Palm, Florida and the Park Avenue Dance Studio in West Palm Beach, Florida, and refrain from representing to the public that Defendants are present or former franchisees of Plaintiffs. If defendants violate this injunction, then the length of

the injunction set forth in this paragraph shall be extended by a period equal to the length of time that defendants violate the injunction.

8. If Defendant(s) fail or refuse to act in accordance with all the terms of the Permanent Injunction set forth above, the United States Marshal and his deputies are authorized and directed to take all actions reasonably necessary to enforce said terms of this Court's Injunction.

9. This Order shall serve as a Writ of Assistance or Writ of Execution, as appropriate, and no further Order from this Court shall be required for this purpose.

**IT IS SO ORDERED**

_____
U.S.D.J.