```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
```

MEGADANCE USA CORP., ET AL,      )
          Plaintiffs             )
                                 )
          v.                     ) C.A. 09-cv-30095-MAP
                                 )
GARDENS DANCE STUDIO, INC.,      )
Kyoung-Im Carvalho,              )
Park Avenue Dance., Inc., and    )
Claude Crevier                   )
          Defendants             )


            Order Re: Entry of Judgment for Damages

                        July 2, 2010

PONSOR, D.J.

   On June 30, 2009, Plaintiffs filed an eight-count complaint against two of the four current Defendants, Gardens Dance Studio, Inc. ("Gardens Dance") and Kyoung-Im Carvalho ("Carvalho"), seeking damages arising out of a terminated franchise relationship. On September 23, 2009, the court heard argument on Plaintiffs' Motion for Preliminary Injunction, and on September 29 the injunction entered against Gardens Dance and Carvalho.

   The litigation proceeded over the following months through discovery, with referral to Magistrate Judge Kenneth

                               1

P. Neiman for resolution of disputes arising during that process.  On March 23, 2010, Plaintiffs filed a Motion to Amend Complaint (Dkt. No. 31) seeking to name two additional defendants, Park Avenue Dance Studio, Inc. ("Park Avenue") and Claude Crevier ("Crevier").  On April 2, 2010, before Judge Neiman had ruled on the motion, Plaintiffs filed a Motion for Sanctions (Dkt. No. 34) against Gardens Dance and Carvalho for failing to participate in discovery and for flouting the court's preliminary injunction order prohibiting them from operating a dance studio in West Palm Beach, Florida.

On April 20, 2010, Judge Neiman allowed Plaintiffs' Motion to Amend Complaint, though the actual amended complaint had not yet been filed.  Two days later, on April 22, 2010, this court allowed Plaintiffs' Motion for Sanctions (Dkt. No. 35), ordering entry of judgment on liability in favor of Plaintiffs, requiring Defendants Gardens Dance and Carvalho to produce certain documents within ten days, and ordering Plaintiffs to submit an

affidavit setting forth their damages within twenty days.[1] The two Defendants were given an opportunity contest the damages claim within ten days of its submission.

On May 11, 2010, Plaintiffs filed their Amended Complaint (Dkt. No. 36), adding Park Avenue and Crevier. It appears from the June 30, 2010, docket entry of Judge Neiman of that, as of that date, no proof of service had been obtained as to one or both of these new Defendants.

On May 20, 2010, Plaintiffs submitted the affidavit of Armando Martin (Dkt. No. 39), offering detailed support for a claim for damages in the amount of $137,325.41 plus statutory interest. Along with the Martin affidavit, Plaintiffs submitted a proposed Order (Dkt. No. 40), seeking a "final order and judgment" against Defendants Gardens Dance and Carvalho in the amount of $137,325.41. Neither Defendant Gardens Dance nor Defendant Carvalho submitted an opposition to Plaintiffs' claim for damages within the prescribed ten days.

---

[1] The court also issued permanent injunctive relief barring the two Defendants, among other things, from using Plaintiffs' proprietary materials or operating a dance studio in Lake Palm or West Palm Beach, Florida.

On June 30, 2010 Judge Neiman conducted a status conference in the case. As to the two recently added Defendants, it was agreed that counsel would await filing of proofs of service and responsive pleadings or motions for default. As to the proposed Order (Dkt. No. 40) directed at the two original Defendants, the parties suggested that, in the absence of any opposition, this court might enter the order awarding the damages requested.

Unfortunately, the addition of two new parties raises complications under Fed. R. Civ. P. 54(b), which bars entry of a final judgment against fewer than all defendants except where the court expressly determines that there is no just reason for delay. The First Circuit has strictly enforced this requirement to avoid piecemeal appeals. "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. Mass. 1988) (quoting Morrison-Knudsen Co. v. Archer,

655 F.2d 962, 965 (9th Cir. 1981)). Moreover, a party seeking judgment pursuant to Rule 54(b) has the obligation "to point out the requirement and to ask that the court, should it grant the request, make a brief but particularized statement of its reasons" for doing so. Id. at 44.

No such motion is before the court, and the grounds for entry of immediate judgment pursuant to Rule 54(b) in this case appear doubtful, since the claims against the remaining two Defendants, Park Avenue and Crevier, are virtually identical to the claims against Defendants Gardens Dance and Carvalho. If circumstances exist that the court is unaware of, a motion pursuant to Rule 54(b) may be filed. Without one, judgment cannot enter until the claims of all parties are resolved.

However, the court can and does note that damages against Defendant Gardens Dance and Carvalho have been established in the amount of $137,325.41 plus statutory interest and that final judgment in this amount will be entered as soon as entry of judgment can be effected against all Defendants.

The case will now proceed under the guidance of Judge

Neiman against the two remaining Defendants. It is referred to him for conduct of a pretrial scheduling conference as soon as responsive pleadings have been filed on behalf of these two parties. If a default enters based on the failure of Defendants Park Avenue and Crevier to respond, the court will entertain a motion for entry of final judgment against all four Defendants.

It is So Ordered.

/s/ Michael A. Ponsor
_____
MICHAEL A. PONSOR
U. S. District Judge